**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TRAVIS FOSTER                                                                                                    PLAINTIFF

v.                                              No. 2:11CV00139 JLH

SHEEHAN PIPE LINE CONSTRUCTION
COMPANY; and AMBER MCCUIN                                                               DEFENDANTS

**OPINION AND ORDER**

Travis Foster brought this action against Sheehan Pipe Line Construction Company and Amber McCuin in the Circuit Court of St. Francis County, Arkansas, asserting claims for libel, tortious interference, and negligence, and seeking both compensatory and punitive damages. The defendants removed the action to federal court on diversity jurisdiction grounds. Foster has filed a motion to remand to state court on the basis that the amount in controversy does not exceed $75,000, as required by section 1332 of Title 28 of the United States Code. The defendants have filed a response. For the following reasons, Foster's motion will be denied.

Because the defendants seek to invoke federal jurisdiction through removal, they bear the burden of proving that the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Specifically, the defendants must prove by a preponderance of the evidence that the amount in controversy "exceeds the sum or value of $75,000." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). Because Foster does not allege a specific damages amount in his complaint,[1] the amount in controversy depends upon the value of the relief he seeks.

---

[1] Rule 8(a) of the Arkansas Rules of Civil Procedure states, *inter alia*, "[i]n claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount." Because Foster does not address Rule 8(a) in his motion to remand, the Court will not discuss the rule's implications for this case.

*Clark v. Matthews Intern. Corp.*, 639 F.3d 391, 396 (8th Cir. 2011).

Foster alleges that he was hired by Sheehan on March 29, 2010, and asked to provide a urine sample for drug testing purposes. Foster claims that McCuin, an employee of Sheehan, rejected Foster's urine sample without good cause. When Foster could not provide a second sample because "he had completely voided for the first sample," Foster was allegedly "blacklisted as refusing to provide a sample and was fired . . . ." Further, Sheehan allegedly reported to Foster's union that he " 'would not submit to a drug test.' " Consequently, Foster was dismissed from his union—thereby depriving him of certain benefits and employment opportunities—and has been unable to join any labor union, or obtain employment with any other pipeline company or in that field. Foster asserts claims of libel, negligence, and tortious interference. As noted, he seeks compensatory and punitive damages.

The defendants offer evidence that, if Foster's employment had not been terminated, he would have earned a starting pay rate of $17.62 per hour from Sheehan. For a 40-hour week, Foster's weekly pay therefore would have been $704.80. Between March 29, 2010 and the current trial date, April 9, 2012, there are 742 days or 106 weeks. Assuming $17.62 per hour is a reasonable estimate of the pay Foster could have earned had he not been accused of refusing to submit to a drug test, Foster's lost wages could through trial equal $74,708.80,[2] not including lost overtime pay.

Punitive damages are included in determining the "amount in controversy" for establishing subject matter jurisdiction. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007). Considering the history of punitive damages, "sanctions of double, triple, or quadruple damages have been commonplace." *Jim Ray, Inc. v. Williams*, 99 Ark. App. 315, 323, 260 S.W.3d

---

[2] That is, $704.80 multiplied by 106 weeks.

307, 311 (2007) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 580-81, 116 S. Ct. 1589, 1601-02, 134 L. Ed. 2d 809 (1996)); *see also Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83, --- S.W.3d --- (2011) (jury granted punitive damages awards of $325,000 for tortious interference and $250,000 for defamation); *Ellis v. Price*, 337 Ark. 542, 990 S.W.2d 543 (1999) (affirming $40,000 compensatory damages award and $40,000 punitive damages award in defamation case); *United Ins. Co. of Am. v. Murphy*, 331 Ark. 364, 961 S.W.2d 752 (1998) (holding that compensatory damages award of $600,000 and punitive damages award of $2,000,000 for slander was not excessive). Consequently, if Foster were awarded the back pay figure discussed above as well as punitive damages, the punitive damages award could well exceed $75,000.

The amount in controversy exceeds $75,000. Therefore, Foster's motion to remand is DENIED. Document #6.

IT IS SO ORDERED this 6th day of September, 2011.

                                                  J. LEON HOLMES
                                                  UNITED STATES DISTRICT COURT